IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| WIRECO WORLDGROUP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.: |
| | ) | |
| LIBERTY MUTUAL FIRE | ) | |
| INSURANCE COMPANY, | ) | |
| Serve Registered Agent: | ) | |
|    CSC-Lawyers Incorporating | ) | |
|    Service Company | ) | |
|    221 Bolivar Street | ) | |
|    Jefferson City, Missouri 65101 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE FIRST LIBERTY INSURANCE | ) | |
| CORPORATION | ) | |
| Serve Registered Agent: | ) | |
|    CSC-Lawyers Incorporating | ) | |
|    Service Company | ) | |
|    221 Bolivar Street | ) | |
|    Jefferson City, Missouri 65101 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR BREACH OF CONTRACT,
DAMAGES, INTEREST AND ATTORNEYS FEES**

For its complaint against Liberty Mutual Fire Insurance Company and The First Liberty Insurance Corporation (collectively "Liberty Mutual"), WireCo WorldGroup, Inc. ("WireCo"), by and through its undersigned counsel of record, states and alleges as follows:

**INTRODUCTION**

1. WireCo seeks to recover premium overpayments improperly charged by Liberty Mutual on three workers compensation insurance policies issued by Liberty Mutual to WireCo. The overpayments were due to Liberty Mutual improperly increasing premiums by changing the

schedule rating factor without providing WireCo with notice as required by the contracts and by failing to obtain the required documentation.

## PARTIES

2.	WireCo WorldGroup, Inc. ("WireCo") is a Delaware corporation with its principal place of business in Prairie Village, Kansas.

3.	Liberty Mutual Fire Insurance Company is a Wisconsin corporation with its principal place of business in Boston, Massachusetts and is a subsidiary of Liberty Mutual Group, Inc.

4.	The First Liberty Insurance Corporation is an Illinois corporation with its principal place of business in Boston, Massachusetts.

5.	The Defendants are members of the Liberty Mutual Group of Companies and are referred to collectively as "Liberty Mutual."

6.	The amount in controversy, exclusive of interest, costs, and fees, is in excess of $75,000.00 because the total amount of the premiums that WireCo has demanded be refunded to it is in excess of $500,000.

8.	Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332 because the state of incorporation and principal place of business of WireCo is diverse from the state of incorporation and principal place of business of both defendants and the amount in controversy is in excess of $75,000.

9.	Venue is proper in this forum under 28 U.S.C. § 1391 in that Liberty Mutual issued the insurance policies at issue to WireCo at its former headquarters in Kansas City, Missouri.

## THE POLICIES

10. WireCo purchased a series of workers compensation insurance policies from Liberty Mutual, the first policy having an inception date of June 30, 2009 and expiring on June 30, 2010 and having the policy No. WC7-641-050577-909 (the "2009 Policy").

11. For the subsequent three years, Liberty Mutual issued a renewal insurance policy to WireCo providing workers compensation and employers liability insurance for the twelve month period following each expiration date.

12. A copy of the 2009 Policy is attached as Exhibit A to this complaint and incorporated herein by reference.

13. A copy of the first renewal, policy No. WC2-641-050577-900, which was in effect from June 30, 2010 to June 30, 2011 (the "2010 Renewal"), is attached as Exhibit B to this complaint and incorporated herein by reference.

14. A copy of the second renewal, policy No. WC2-641-050577-901, which was in effect from June 30, 2011 to June 30, 2012 (the "2011 Renewal"), is attached as Exhibit C to this complaint and incorporated herein by reference.

15. A copy of the third renewal, policy No. WC6-641-050577-902, which was in effect from June 30, 2012 to June 30, 2013 (the "2012 Renewal"), is attached as Exhibit D to this complaint and incorporated herein by reference.

## PREMIUM CALCULATION

16. The premium for a workers' compensation insurance policy is calculated twice: First before the policy goes into effect, using estimated payroll; and second after the policy expires using actual payroll.

17. The premium calculation made before the policy goes into effect is called the "estimated premium."

18. During the policy term, the insured pays the "estimated premium" in an initial deposit and then monthly installments over the first nine months of the policy period.

19. WireCo paid the estimated premiums in an initial installment followed by monthly installment payments over the first nine months of each policy period.

20. After a workers compensation policy expires, the carrier must conduct an audit of the insured and then calculate what is called the "final premium."

21. When calculating the premium, Liberty Mutual was contractually obligated to apply correct factors or classifications in accordance with the contract terms and the manuals of rules and rating plans incorporated into the contract by reference.

22. The policies provided:

> All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this Policy if authorized by law or a governmental agency regulating this insurance.
>
> \* \* \*
>
> The premium shown on the Information Page, schedules and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you.

23. In addition, the information page of each policy stated:

> Item 4: Premium – The premium for this policy will be determined by our Manual of Rules, Classifications, Rates and Rating Plans.

24. Liberty Mutual's "Manual of Rules, Classifications, Rates and Rating Plans" are approved by each jurisdiction where WireCo has operations and are incorporated into the policy by reference.

4

25. For the 2009 Policy, WireCo had operations that were covered by the 2009 Policy in 17 states.

26. The Manual of Rules, Classifications, Rates and Rating Plans as approved by each state governed the determination of the premiums associated with the operations within a given state.

27. For example, Liberty Mutual's Schedule Rating Plan on file and approved by the State of Missouri determined, in part, the calculation of the premium for WireCo's Missouri operations.

28. Likewise, Liberty Mutual's Schedule Rating Plan on file and approved by the State of Texas determined, in part, the calculation of the premium for WireCo's Texas operations.

## SCHEDULE RATING

29. Schedule Rating is a method of adjusting the premium applied to a workers' compensation risk in order to account for readily identifiable factors having a bearing on the probability or severity of future losses and other risk factors not accounted for by other rating adjustments.

30. Schedule debits or credits are discretionary, but if applied by an underwriter, then the factor is applied at policy inception.

31. A carrier must calculate a schedule rating factor in accordance with the Schedule Rating Plan it filed with each state for which workers compensation insurance is being provided.

32. In the past, insurance carriers have applied Schedule Rating factors without adhering to the risk criteria set forth in the Schedule Rating Plan.

33. On two separate occasions the Missouri Department of Insurance has issued bulletins advising insurance carriers of the need to adhere to Schedule Rating Plan risk criteria and

5

to maintain documentation and worksheets to ensure that schedule rating credits and debits are based on objective information.

34. Attached as Exhibit E and F are the Missouri Department of Insurance bulletins 97-03 and 02-02, respectively.

35. A copy of Liberty Mutual's Schedule Rating Plan for Missouri is attached as Exhibit G.

36. A copy of Liberty Mutual's Schedule Rating Plan for Texas is attached as Exhibit H.

37. Liberty Mutual's Schedule Rating Plan for Missouri stated:

The customer will be informed in writing within ninety (90) days of the policy inception or renewal date, of the basis for any schedule debit or credit applied. If the policy is subject to any changes in its schedule debits or credits upon renewal, we will notify the customer.

38. In addition, Liberty Mutual's Schedule Rating Plan for Missouri stated:

This form MUST be completed on all risks that meet the Schedule Rating Plan eligibility requirements. A copy must be retained in the underwriting file. Whenever a debit/credit modification is applied, a customer notification letter must be sent to the Risk Name shown below. (Emphasis in original)

39. Pursuant to Liberty Mutual's Schedule Rating Plan for Missouri, notice to WireCo of a modification in the schedule rating factor upon renewal in the form called for in the Schedule Rating Plan was a condition precedent to Liberty Mutual applying the modified schedule rating factor.

40. With respect to the 2010 Renewal, Liberty Mutual never sent the notice letter required by Liberty Mutual's Scheduled Rating Plan for Missouri to WireCo notifying WireCo of Liberty Mutual's intent to increase the premium by reducing the schedule rating credit of 4.2% on the 2009 Policy to a credit of 1.3% on the 2010 Renewal.

41. With respect to the 2011 Renewal, Liberty Mutual never sent the notice letter required by Liberty Mutual's Scheduled Rating Plan for Missouri to WireCo notifying WireCo of Liberty Mutual's intent to increase the premiums by modifying the schedule rating credit of 1.3% on the 2010 Renewal to a debit of 15% on the 2011 Renewal.

42. With respect to the 2012 Renewal, Liberty Mutual never sent the notice letter required by Liberty Mutual's Scheduled Rating Plan for Missouri to WireCo notifying WireCo of Liberty Mutual's intent to increase the premium by modifying the schedule rating debit of 15% for the 2011 Renewal to a debit of 25% for the 2012 Renewal.

43. Liberty Mutual's Schedule Rating Plan for Texas stated:

> The premium for a risk may be modified in accordance with the following, subject to a maximum modification of 40 percent, to reflect such characteristics of the risk that are not reflected in its experience.

|  | Range of Modifications | |
|---|---|---|
|  | Credit | Debit |
| A. Premises - Conditions, Care | 20% to | 20% |
| B. Classification Peculiarities | 20% to | 20% |
| C. Medical Facilities | 10% to | 10% |
| D. Safety Devices | 10% to | 10% |
| E. Employees - Selection, Training, Supervision | 20% to | 20% |
| F. Management |  |  |
|    1. Cooperation with Insurance Carrier | 10% to | 10% |
|    2. Safety Organization | 10% to | 10% |

44. In addition, Liberty Mutual's Schedule Rating Plan for Texas stated:

> 4. At the time that the schedule rating factor is applied, the carrier must have documentation on file detailing the basis for the credit or debit.
>
> 5. The effective date of the schedule rating factor must be on or after the date of the carrier's receipt of the documentation supporting the basis for the schedule rating factor.

45. Liberty Mutual applied a Schedule Rating credit of 4.2% to the Texas portion of the risk for the 2009 policy.

7

46. During 2009, 2010, 2011 and 2012, WireCo's operations, and the Schedule Rating risk criteria associated with those operations, remained the same.

47. Liberty Mutual chose to not apply a Schedule Rating factor as to the Texas portion of the risk on the 2010 Renewal and 2011 Renewal.

48. Liberty Mutual applied a Schedule Rating debit of 40% to the Texas portion of the risk for the 2012 Renewal at the inception of the 2012 Renewal.

49. At the time Liberty Mutual applied the 40% debit to the 2012 Renewal, Liberty Mutual did not have documentation on file detailing the basis for the 40% debit.

50. At the time Liberty Mutual applied the 40% debit to the 2012 Renewal, Liberty Mutual did not have documentation supporting the basis for the 40% debit.

### WireCo's Complaint To The Missouri Department of Insurance

51. On June 23, 2014, WireCo complained to the State of Missouri Department of Insurance that Liberty Mutual has charged improper Schedule Rating debits for the 2011 Renewal and the 2012 Renewal.

52. The Department of Insurance responded that it was not able to determine whether Liberty Mutual had complied with the Missouri Schedule Rating notice requirements.

53. The Department of Insurance also told WireCo: "this department cannot determine fact, only a court of law can determine fact. I can only suggest that you contact an attorney or a court of law."

54. Attached as Exhibit I is a copy of the Department of Insurance's August 18, 2014 email to WireCo.

### COUNT I
### Breach of Missouri Schedule Rating Plan – 2010 Renewal

55. WireCo repeats and re-alleges paragraphs 1 - 54, as though fully set forth herein.

8

56. The 2010 Renewal is a contract.

57. WireCo has satisfied all conditions precedent under the 2010 Renewal and has fully performed all of its obligations under the 2010 Renewal.

58. Liberty Mutual calculated the estimated premium and final premium for the 2009 Policy using a schedule rating credit of 4.2% for the Missouri operations.

59. Liberty Mutual calculated the estimated premium of the 2010 Renewal using a schedule credit of 1.3% for the Missouri operations.

60. In breach of the contract of insurance, Liberty Mutual reduced the schedule credit from 4.2% to 1.3% when calculating the estimated premium for the 2010 Renewal without giving WireCo the required notice that the renewal premium would increase due to a modification in the schedule rating factor.

61. As a direct and proximate result of Liberty Mutual's breach of contract, WireCo has been damaged by paying excess premium for the 2010 Renewal.

62. Having failed to give the required notice, the correct schedule rating factor for the 2010 Renewal should have been a credit of 4.2%.

63. As a direct result of not using the correct schedule rating credit of 4.2%, WireCo paid excess premiums and is entitled to refund in the amount of $33,359 plus pre-judgment interest.

WHEREFORE, WireCo WorldGroup, Inc. requests the entry of a judgment in its favor and against defendant Liberty Mutual Fire Insurance Company that awards the following relief:

    i. Damages in the amount of $33,359;

    ii. Costs, disbursements and prejudgment interest as authorized by law; and

    iii. An award of such other relief as the Court deems just and equitable.

## COUNT II
### Breach of Missouri Schedule Rating Plan – 2011 Renewal

64. WireCo repeats and re-alleges paragraphs 1 - 63, as though fully set forth herein.

65. The 2011 Renewal is a contract.

66. WireCo has satisfied all conditions precedent under the 2011 Renewal and has fully performed all of its obligations under the 2011 Renewal.

67. Liberty Mutual calculated the estimated premium for the 2011 Renewal policy using a schedule rating debit of 15% for the Missouri operations.

68. In breach of the contract of insurance, Liberty Mutual reduced the schedule credit from 1.3% to a Schedule debit of 15% when calculating the estimated premium for the 2011 Renewal without giving WireCo the required notice that the renewal premium would increase due to a modification in the schedule rating factor.

69. As a direct and proximate result of Liberty Mutual's breach of contract, WireCo has been damaged by paying excess premium for the 2011 Renewal.

70. Having failed to give the required notice, the correct schedule rating factor for the 2011 Renewal was a schedule credit of 4.2%.

71. As a direct result of using the incorrect schedule rating debit of 15%, instead of the correct factor of a 4.2% credit, WireCo paid excess premiums in the amount of $189,176,

72. WireCo demanded on June 23, 2014, that Liberty Mutual refund the excess premiums paid due to Liberty Mutual's use of an incorrect Schedule Rating factor, but Liberty Mutual refused to refund to WireCo the return premiums owed.

WHEREFORE, WireCo WorldGroup, Inc. requests the entry of a judgment in its favor and against defendant Liberty Mutual Fire Insurance Company that awards the following relief:

  i. Damages in the amount of $189,176;

      ii.      Costs, disbursements and prejudgment interest as authorized by law; and

      iii.      An award of such other relief as the Court deems just and equitable.

## **COUNT III**
### **Breach of Missouri Schedule Rating Plan – 2012 Renewal**

73. WireCo repeats and re-alleges paragraphs 1 - 72, as though fully set forth herein.

74. The 2012 Renewal is a contract.

75. WireCo has satisfied all conditions precedent under the 2012 Renewal and has fully performed all of its obligations under the 2012 Renewal.

76. Liberty Mutual calculated the estimated premium for 2012 Renewal using a schedule rating debit of 25% for the Missouri operations.

77. In breach of the contract of insurance, Liberty Mutual increase the schedule debit to a Schedule debit of 25% when calculating the estimated premium for the 2012 Renewal without giving WireCo the required notice that the renewal premium would increase due to a modification in the schedule rating factor.

78. Having failed to give the required notice, the correct schedule rating factor for the 2012 Renewal was a schedule credit of 4.2%.

79. As a direct and proximate result of Liberty Mutual's breach of contract, WireCo has been damaged by paying excess premium for the 2012 Renewal.

80. As a direct result of using the incorrect Schedule Rating debit of 25%, instead of the correct factor of 4.2% credit, WireCo paid excess premiums in the amount of $259,625.

81. WireCo demanded on June 23, 2014, that Liberty Mutual refund the excess premiums paid due to Liberty Mutual's use of an incorrect Schedule Rating factor, but Liberty Mutual refused to refund to WireCo the return premiums owed.

WHEREFORE, WireCo WorldGroup, Inc. requests the entry of a judgment in its favor and against defendant The First Liberty Insurance Corporation awarding the following relief:

    i.    Damages in the amount of $259,625;

    ii.    Costs, disbursements and prejudgment and post-judgment interest as authorized by law; and

    iii.    An award of such other relief as the Court deems just and equitable.

## COUNT IV
**Breach of Texas Schedule Rating Plan – 2012 Renewal**

82. WireCo repeats and re-alleges paragraphs 1 - 81, as though fully set forth herein.

83. The 2012 Renewal is a contract.

84. WireCo has satisfied all conditions precedent under the 2012 Renewal and has fully performed all of its obligations under the 2012 Renewal.

85. Liberty Mutual calculated the estimated premium for the 2012 Renewal policy using a schedule rating debit of 40% for the Texas operations.

86. In breach of the contract of insurance, Liberty Mutual applied a Schedule Rating debit of 40% effective June 30, 2012, but did not have in its file as of June 30, 2012 documentation sufficient to support a 40% debit and detailing the basis for a 40% debit.

87. As a direct and proximate result of Liberty Mutual's breach of contract, WireCo has been damaged by paying excess premium for the 2012 Renewal for the Texas operations.

88. Having failed to obtain the required documentation, Liberty Mutual is precluded from applying any Schedule Rating factor for the Texas operations of the 2012 Renewal.

89. As a direct result of using the incorrect schedule rating debit of 40% for the Texas operations, WireCo paid excess premiums in the amount of $55,652.

90. WireCo demanded on June 23, 2014, that Liberty Mutual refund the excess premiums paid due to Liberty Mutual's use of an incorrect Schedule Rating factor, but Liberty Mutual refused to refund to WireCo the return premiums owed.

WHEREFORE, WireCo WorldGroup, Inc. requests the entry of a judgment in its favor and against defendant The First Liberty Insurance Corporation that awards the following relief:

    i. Damages in the amount of $55,652;

    ii. Costs, disbursements and prejudgment interest as authorized by law; and

    iii. An award of such other relief as the Court deems just and equitable.

## COUNT V
### Violation of Mo. Rev. Stat. § 375.420

91. WireCo repeats and re-alleges paragraphs 1 - 90, as though fully set forth herein.

92. Mo. Rev. Stat. § 375.420 provides:

> 375.420. In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

93. The excess premiums paid by WireCo that Liberty Mutual has refused to refund is "loss" as contemplated by Mo. Rev. Stat. § 375.420.

94. Liberty Mutual has refused to pay WireCo such loss without reasonable cause or excuse.

95. Liberty Mutual must pay damages and reasonable attorney's fees as called for under Mo.Rev.Stat. §375.420 in addition to the losses at issue in Counts I, II and III of this Complaint.

WHEREFORE, Plaintiff WireCo WorldGroup, Inc. respectfully requests the entry of a judgment in its favor and against Defendants and awarding the following relief:

   i. An award of damages of 20% of the $1,500 of loss and 10% of the remaining loss;

   ii. An award of reasonable attorney's fees; and

   iii. An award of such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated: August 5, 2015

> Respectfully submitted,
>
> WIRECO WORLDGROUP, INC.
>
> _____
> Jeffrey A. Kennard          MO #46689
> Scott R. Ast                MO #51699
> SCHARNHORST AST KENNARD GRIFFIN, PC
> 1100 Walnut, Suite 1950
> Kansas City, Missouri 64106
> Telephone:   (816) 268-9400
> Facsimile:   (816) 268-9409
> Email:       jkennard@sakg.com
>              sast@sakg.com
>
> and
>
> Charles L. Philbrick *Pro Hac Vice Pending*
> Emily A. Shupe *Pro Hac Vice Pending*
> cphilbrick@rathjewoodward.com
> eshupe@rathjewoodward.com
> RATHJE & WOODWARD, LLC
> 300 E. Roosevelt Rd.
> Wheaton, IL 60189
> Telephone: (630) 668-8500